IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SIONE LATU KAVA, | ) | CIVIL NO. 20-00385 JAO-WRP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | THE PETITION FOR 406(B) FEES |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

FINDINGS AND RECOMMENDATION TO GRANT
THE PETITION FOR 406(B) FEES

On September 27, 2022, counsel for Plaintiff, Danielle Beaver, filed a Petition for 406(b) Fees (Petition). See ECF No. 31. On October 7, 2022, Defendant, the Acting Commissioner of the Social Security Administration (SSA), filed a Statement of Non-Opposition to the Petition. See ECF No. 36. The Court finds the Petition suitable for disposition without a hearing. After consideration of the record in this action and the relevant legal authority, the Court RECOMMENDS that Plaintiff's Petition be GRANTED.

## BACKGROUND

On September 8, 2020, Plaintiff commenced this action seeking review of certain social security disability benefits determinations. See ECF No. 1.

On September 20, 2021, the District Court reversed the Commissioner's decision denying Plaintiff certain disability benefits and remanded to the Administrative Law Judge for further administrative proceedings. See ECF No. 26.[1] The parties stipulated that attorney's fees in the amount of $10,763.00 be ordered paid to Plaintiff through his counsel, Ms. Beaver, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), see ECF No. 29, and on November 22, 2021, the District Court ordered that attorney fees under the EAJA in the amount of $10,763.00 be paid by Defendant to Plaintiff, payable to his counsel, Ms. Beaver, see ECF No. 30.

On remand, the Administrative Law Judge issued a favorable decision, with past-due benefits totaling $152,898.00. See ECF No. 31-2 at 1-3; ECF No. 31-4 ¶ 6; ECF No. 31-5 ¶ 4. The Award Notice indicates that the SSA is withholding $38,224.50 for attorney's fees, which represents 25% of the total past due benefits. See ECF No. 31-2 at 3-4; ECF No. 31-4 ¶ 6; ECF No. 31-5 ¶ 4. This Petition followed that award of benefits.

## DISCUSSION

In the Petition, Plaintiff's counsel argues she is entitled to a fee of

---

[1] At the time of that decision, Judge Kay was presiding over this matter; because Judge Kay retired before the present Petition was filed, the matter has been reassigned to Judge Otake. See ECF No. 33.

$38,224.50,[2] which represents 25% of the award of past due benefits, and which will be offset by the District Court's previous $10,763.00 award of attorneys' fees under the EAJA.

> Section 406(b)(1)(A) provides:
>
> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). Section "406(b) calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). An agreement that exceeds the "25 percent of the total of the past-due benefits" limitation is unenforceable. See id. The attorney for the successful party is

---

[2] The Petition is not always consistent in the amount being requested. At times the Petition requests $38,224.50, see ECF No. 31 at 7; however, at other times, the Petition requests only $38,224.00, see id. at 1, 2, 8, 14. Because the Petition does at times request the higher amount, the higher amount is listed in both counsel's and Plaintiff's declarations, see ECF No. 31-4 ¶ 13; ECF No. 31-5 ¶ 6, and because the higher amount does not exceed 25% of the total past-due benefits awarded to Plaintiff, the Court will treat the Petition as requesting $38,224.50.

3

required to show that the requested fee is reasonable for the services rendered.  See id.  Factors to be considered in determining reasonableness include the attorney's risk of loss, the character and result of representation, whether delays are attributable to the attorney, and the attorney's hours spent representing the client coupled with the attorney's normal hourly billing rate in the context of non-contingent cases.  Id. at 805, 808.

In the present case, the Court may authorize an award of fees under § 406(b) because the District Court remanded the case for further proceedings and Plaintiff received past-due benefits as a result.  See, e.g., McGraw v. Barnhart, 450 F.3d 493, 503 (10th Cir. 2006); Smith v. Bowen, 815 F.2d 1152, 1155 (7th Cir. 1987).  As such, the Court's analysis will focus on the reasonableness of the contingent-fee agreement with necessary adjustments made to the "attorney's recovery based on the character of the representation and the results the representative achieved."  Gisbrecht, 535 U.S. at 808.

### A. Contingent-Fee Arrangement

In July 2021, Plaintiff entered into a contingent-fee agreement with Ms. Beaver that provides in relevant part that, in the event Plaintiff receives a favorable decision at any time, he will pay his counsel a fee no greater than 25 percent of the past due benefits owed to him.  See ECF No. 31-1 at 1.

Accordingly, on its face, the agreement is reasonable. The Court must nevertheless conduct an inquiry into whether the requested fees are reasonable.

### B. Reasonableness of the Fee Award

The administrative decision on remand resulted in an award of $152,898.00 in past-due benefits. Ms. Beaver requests $38,224.50.00 for her services in this action, to be offset by the $10,763.00 in EAJA fees previously awarded.

As an initial matter, the Court notes that fees awarded under both the EAJA and § 406(b) do not constitute double recovery. See Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir.1991), abrogated on other grounds by Sorenson v. Mink, 239 F.3d 1140 (9th Cir. 2001). This is because "[t]he award under § 406(b) of the Social Security Act merely allows the claimant's attorney to collect his or her fee out of the claimant's past-due disability benefits, while the EAJA award is paid by the government to the claimant to defray the cost of legal services." Id. Consequently, dual fee awards are proper as long as Ms. Beaver gives the smaller of the two awards to Plaintiff to compensate for litigation costs. See id.; see also Gisbrecht, 535 U.S. at 796 ("[A]n EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant

5

receives 100 percent of the past-due benefits.") (alterations in original and citation omitted). In the present case, Ms. Beaver properly seeks to offset the § 406(b) fee request with the EAJA award. The Court thus turns to assess the reasonableness factors to determine whether an award of $38,224.50 is proper.

### 1. Attorney's Risk of Loss

Ms. Beaver assumed the risk of non-payment by taking on this contingency case. According to data cited by Ms. Beaver, social security claimants recover past due benefits in only approximately a third of cases. See ECF No. 31 at 11; see also Faircloth v. Barnhart, 398 F.Supp.2d 1169, 1173 (D.N.M.2005) ("A report from the Social Security Advisory Board reveals that a mere 35% of claimants who file at the United States District Court level will obtain benefits."). The Court thus finds that Ms. Beaver assumed some risk of loss by accepting this case on a contingency basis.

### 2. Character and Result of the Representation

Based on the remand and the award of past-due benefits, it appears that Ms. Beaver more than adequately represented Plaintiff and procured a favorable outcome. But for Ms. Beaver's representation, Plaintiff might not have ultimately secured the $152,898 in past-due benefits awarded on remand. In addition, the Petition notes that, as a result of Ms. Beaver's representation, Plaintiff

6

"became entitled to Title II benefits instead of Title XVI benefits [and thus his] benefits increased from a maximum of $840 per month to $2,941.40 per month which will continue until he either reaches retirement age or is no longer disabled" and further became "entitled to hospital insurance under Medicare." ECF No. 31 at 7.

In light of Plaintiff's successful outcome, there is no basis for reducing the fee requested for inadequate representation. Instead, the success noted above regarding an increased amount of benefits until retirement and entitlement to Medicare further justifies finding the amount requested here is reasonable. See Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (taking into consideration that Plaintiff "will receive not only past-due benefits, but also ongoing Title II benefits until he dies, reaches retirement age, or becomes no longer disabled" and the fact that the fee does not include "the value of health care benefits"); see also ECF No. 31-5 ¶¶ 5-6 (declaration from Plaintiff indicating his satisfaction with Ms. Beaver's representation and increased receipt of benefits, including Medicare).

### 3. Delays Attributable to the Attorney

Delays caused by counsel warrant a reduction in fees "so that the attorney will not profit from the accumulation of benefits during the pendency of

7

the case in court." Gisbrecht, 535 U.S. at 808. There is no evidence to suggest that Ms. Beaver has contributed to or caused any delays that might have occurred in this case. Therefore, the Court declines to recommend any reductions to the fee requested based on delay.

### 4. Hours Expended and Attorney's Normal Billing Rate

While the Court acknowledges that Gisbrecht rejected the lodestar method of calculating attorneys' fees in the context of § 406(b), it also specifically instructed that in order to aid courts in assessing the reasonableness of the fee yielded by the fee agreement, "the court may require the claimant's attorney to submit . . . a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." 535 U.S. at 808. Ms. Beaver has provided such information for the Court's consideration.

Ms. Beaver represents that the hourly rate for work in federal court on this matter would be approximately $458 per hour. See ECF No. 31 at 8; ECF No. 31-4 ¶ 11. According to the Court's own calculations, however, the effective hourly rate here would actually be $737.92 ($38,224.50 requested in the Petition divided by the 51.8 hours of federal court work).[3] Regardless, the Court still finds

---

[3] While Ms. Beaver notes that she expended a total of 78 hours representing Plaintiff (i.e., an additional 26 hours for work in administrative proceedings that she will not separately bill Plaintiff for), it is still unclear to the Court how Ms. Beaver is calculating the $458 rate (e.g., $38,224.50 divided by 78

8

this rate falls within the range of effective hourly rates awarded by other courts, such that the Court cannot say the amount requested here would result in a windfall to Ms. Beaver.  See, e.g., Harrell v. Berryhill, 2018 WL 4616735, at *4 (N.D. Cal. Sept. 24, 2018) ("The Court finds that a de facto hourly rate of $1,213.83 is reasonable."); Palos v. Colvin, 2016 WL 5110243, at *2 & n.1 (C.D. Cal. Sept. 20, 2016) (approving de facto hourly rate of $1,546.39 and citing other similar decisions); Claypool v. Barnhart, 294 F.Supp.2d 829, 833–34 (S.D.W. Va. 2003) (approving effective hourly rate of $1,433); see also ECF No. 31 at 13.

      Ms. Beaver also represents that her hourly non-contingent fee rate is $450 per hour.  See ECF No. 31 at 9.  While the effective hourly rate (as calculated by the Court) exceeds Ms. Beaver's non-contingency rate, the risk of loss inherent within social security cases nonetheless counsels in favor of finding the effective rate reasonable here.  See Loper v. Astrue, 2012 WL 985574, at *2 (D. Haw. Feb. 28, 2012), report and recommendation adopted, 2012 WL 985629 (D. Haw. Mar. 21, 2012) ("Although [counsel's] effective hourly rate in this case eclipses his non-contingent hourly rate and that of attorneys in Honolulu with his level of experience, the risk of loss in social security cases makes [counsel's] effective rate of $500 per hour reasonable."); see also Davis v. Astrue, 533 F. Supp. 2d 1212,

---

total hours is still an effective rate of $490; and multiplying the claimed $458 hourly rate by either the 51.8 hours in federal court work ($23,724.40) or 78 total hours ($35,724) does not correlate to any amount requested in the Petition).

1219 n.13 (M.D. Fla. 2007) (noting that, to compensate for the attorney's "risk of loss, Social Security attorneys need to charge a winning client 2.7 times the fee the attorney would have charged on a non-contingent basis (which the attorney is prohibited from doing under Title 42, U.S.C. § 406(b)(2))").

### C. Total Award

Based on the above, the Court finds and recommends that the District Court GRANT the Petition and (1) award Ms. Beaver $38,224.50, to be paid out of the sums withheld by the SSA and (2) order Ms. Beaver to reimburse Plaintiff $10,763.00 for the EAJA fees previously awarded.

### CONCLUSION

The Court RECOMMENDS that the Petition for 406(b) Fees be GRANTED and that the District Court (1) award Ms. Beaver $38,224.50, to be paid out of the sums withheld by the SSA and (2) order Ms. Beaver to reimburse Plaintiff $10,763.00 for the EAJA fees previously awarded.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, OCTOBER 12, 2022.



Wes Reber Porter
United States Magistrate Judge

**KAVA v. KIJAKAZI; CIVIL NO. 20-00385 JAO-WRP; FINDINGS AND RECOMMENDATION TO GRANT THE PETITION FOR 406(B) FEES**